UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RYAN FINK,<br>*PLAINTIFF* | CIVIL ACTION NO.: |
| V. | JUDGE: |
| ST. PERNARD PARISH<br>GOVERNMENT THROUGH ITS<br>PARISH COUNCIL<br>  *DEFENDANT* | MAGISTRATE JUDGE:<br><br>JURY TRIAL DEMANDED |

**COMPLAINT: ADA AND FLSA VIOLATIONS;
DEPRIVATION OF SUBSTANTIVE AND PROCEDURAL
DUE PROCESS PROPERTY RIGHTS**

The Plaintiff, Ryan Fink, files this Original Complaint against St. Bernard Parish Government, and in support states as follows:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343. The federal claims brought by the Plaintiff include violations of 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution as well as violations of the Americans With Disabilities Act of 1990 42 U.S.C. §§ 12111 et seq., as amended and the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 203 et seq., as amended.

2.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because St. Bernard Parish is where a substantial part of the events or omissions giving rise to this claim occurred.

## PARTIES

3. Plaintiff, Ryan Fink, is a citizen and resident of the Parish of St. Bernard, State of Louisiana.

4. Defendant, St. Bernard Parish Government is a political subdivision of the State of Louisiana.

## BACKGROUND

5. Plaintiff was employed by the Parish of St. Bernard since 2008, when he was given the title of Director of the TV and Film Office.

6. In 2015 Plaintiff was diagnosed with pain, decreased muscular strength and range of motion in both arms in part due to a congenital narrowing of the spinal canal at the C5-C7 levels. Plaintiff went out on medical leave for about three months.

7. On May 29, 2015 Plaintiff's treating physician Dr. John Steck stated that Plaintiff could return to work, but restricted him from pushing/pulling, lifting/carrying over ten pounds.

8. From May 2015 until Mr. Guy McGuiness, the new Parish President, assumed office in May 2016 Plaintiff was adequately accommodated in the following respects: he had a qualified assistant available to lift and carry equipment as required.

9. In May of 2016, Plaintiff's qualified assistant was laid off. Plaintiff immediately requested accommodation from Chief Administrative Officer Ronnie Alonzo (Alonzo), for assistance with lifting and carrying equipment. Alonzo failed to accommodate Plaintiff in any way; in fact, Alonzo failed to respond or even discuss Plaintiff's accommodation requirements.

10. In January of 2017 the St. Bernard Parish government instituted prescribed rules and procedures for adjudicating the employment rights of individuals holding the status of

regular civil service employees.  Those rules are codified in Saint Bernard Parish Council Ordinance 1847-01-17.  Those rules are unconstitutional on their face to the extent that they do not require, and in fact exclude, any kind of a pre-deprivation of property hearing.

11.     In January of 2017 Plaintiff was informed that he was a civil service employee who was covered by the new parish Ordnance.  Plaintiff was paid on the civil service pay scale, with a workweek which was to have consisted of thirty-five hours.  He received orientation as a civil service employee and at all times was accorded the procedural rights which accrue to civil service employees of St. Bernard Parish.

12.     In January of 2017, an unqualified assistant, Leo Murphy (Murphy), was hired to work in the TV and Film Office.  Murphy refused to assist him in moving and handling equipment, explaining that it was not a part of his job description.  Plaintiff again requested accommodation from Alonzo.  Again, Alonzo failed and refused to meet with Plaintiff to discuss Plaintiff's accommodation needs.

13.     Without any effective assistance, Plaintiff was required to work many hours in excess of 40, each and every week.  He was required to attend evening meetings of the Parish council and other organizations, move heavy equipment by himself, climb ladders and then report for work early the next day to continue with other duties.  Plaintiff's supervisor knew to a certainty that Plaintiff was working a substantial number of hours that were uncompensated.

14.     Leo Murphy provided no effective assistance to plaintiff whatsoever.  At no time did Plaintiff perform duties where he supervised or evaluated subordinates, determined policy, or have the authority to hire or fire, despite his title of Director.  Plaintiff lacked the ability to set his own agenda; instead his supervisor told him what to do and closely supervised Plaintiff's activities.

15. Although Plaintiff clocked in and out, no one kept an accurate record of his hours. If Plaintiff worked more than 35 hours in a week, the hours would not be counted.

16. No supervisor or manager for Defendant ever investigated or ensured that Plaintiff was being compensated for all hours worked, including the hours worked outside and in excess of their scheduled work time.

17. Although Plaintiff was eligible for overtime by virtue of the duties he performed, the Parish of St. Bernard failed and refused to pay him any overtime.

18. Plaintiff worked a minimum of 200 hours for which he was not compensated between May of 2016 and the date of his subsequent termination.

19. On March 8, 2017 Plaintiff was written up by Alonzo for job related deficiencies which were themselves attributable to Alonzo's failure to accommodate Plaintiff's disability.

20. On March 10, 2017 Plaintiff emailed Alonzo and again explained his need for accommodation. Alonzo replied that there would be a meeting to discuss his needs.

21. On or about April 5, 2017 Fink, while at work, received an unexpected personal notification at the behest of the St. Bernard Parish appointing authority, Mr. Tyrone C. Ben (Ben), informing him that his presence was required in Benn's office.

22. Without delay Plaintiff was next escorted into the presence of Tyrone C. Ben. Ben abruptly notified Plaintiff that he was being terminated immediately.

23. Plaintiff was not given any opportunity at all to understand the specific charges of misconduct which had been leveled against him, or any opportunity at all to respond to charges of misconduct. Specific charges were only briefly alluded to in a pre-prepared letter which Plaintiff received at the moment of his termination. Furthermore, the Parish kept, and continues

to keep, valuable personal property of Plaintiff consisting in part of professional equipment worth at least $5,000.

24.     The interview described above in paragraphs 22-23 was done in accord with the aforesaid Civil Service Rule, published under authority of Saint Bernard Parish Council, Ordinance #1847-01-17, for the disposition of Civil Service matters, which are facially unconstitutional.

25.     Plaintiff was thereby deprived of liberty and property without due process under the law including, without limitation, the guarantees afforded by the Fourteenth Amendment to the United States Constitution.

26.     After a long delay, the Personnel Board of St. Bernard Parish met on Wednesday, October 25, 2017 to hear evidence and determine whether appointing authority Ben acted lawfully in terminating Plaintiff without the benefit of a pre-deprivation hearing.

27.     The Chairman of the Personnel Board, Charlie Ponstein, initially admitted in the meeting that Plaintiff was a classified civil servant of the Parish of St. Bernard and was entitled to the protection of the civil service rules. The subsequent hearing was conducted in accordance with the published civil service rules for St. Bernard Parish.

28.     At the aforementioned hearing Plaintiff's counsel specifically pled the unconstitutionality of depriving Plaintiff of his civil service protected employment without any notice or opportunity to be heard. Counsel further protested the complete lack of pre-hearing production of timely discovery requests, and also his request for a brief continuation of the hearing when he was surprised by the production of unsorted thousands of pages of discovery at the start of the hearing.

29. In the course of the hearing it was established as a matter of fact that Mr. Tyronne Benn had conducted no pre-deprivation hearing and defended his actions as being sanctioned by parish council ordinance #1847-01-17.

30. In the course of the hearing Plaintiff was confronted with prepared witnesses who testified that Plaintiff's physical limitations had hampered his productivity in the film production process and that Plaintiff's requests for accommodation were unacceptable complaining.

## CLAIMS FOR RELIEF

AMERICANS WITH DISABILITIES ACT

31. Defendant violated section 12112(b)(5)(A) of the ADA by failing and refusing to accommodate, or even to discuss meaningfully the issue of accommodating Plaintiff by giving him occasional physical assistance and restricting his work hours to 40 hours per week.

32. Defendant violated section 12203 of the ADA because Defendant began subjecting Plaintiff to heightened scrutiny and criticism immediately after he asserted his rights under the ADA.

33. Plaintiff obtained a right to sue letter from the U.S. Department of Justice dated April 26, 2018. This suit is timely filed.

FAIR LABOR STANDARDS ACT

34. In 2017 Defendant terminated Plaintiff's employment.

35. Plaintiff was declared to be a salaried employee. but his actual duties placed him a non-exempt status.

36. Plaintiff was required to perform substantial work in excess of 40 hours per week from May 2016 until the date of his termination.

37.     Defendant knew or should have known of Plaintiff's off-the-clock work, but Defendant refused to compensate him for his unpaid overtime work.  Defendant violated 29 U.S.C. §§ 206 & 207 by failing to compensate Plaintiff properly.

DEPRIVATION OF SUBSTANTIVE AND PROCEDURAL
DUE PROCESS PROPERTY RIGHTS

38.     The Plaintiff, as a civil service employee of St. Bernard Parish, had a property interest in continued employment with the government of St. Bernard Parish.

39.     Defendant through the St. Bernard Parish appointing authority, Mr. Tyrone C. Ben, violated clearly established law as set out by Cleveland Bd. Of Education v. Loudermill, 470 U.S. 532 (1982) and Findeisen v. North East Independent School District, 749 F.2d 234 (5th Cir. 1984); City of Westwego v. McKee, 448 So. 2d 166 (La. App. 5th Cir. 1984), by failing and refusing to provide the Plaintiff with any pre-deprivation notice, any meaningful pre-deprivation hearing, or any meaningful opportunity to respond.  This deprivation violated Plaintiff's rights under the United States Constitution and other applicable law.

## **DAMAGES**

40.     As a result of the Defendant's unlawful employment practices, the Plaintiff has suffered, without limitation, lost wages, physical harm, significant mental and emotional anguish and distress, loss of professional reputation, loss of self-esteem and loss of enjoyment of life.

41.     Plaintiff is entitled to and demands a trial by jury.

WHEREFORE, the Plaintiff, Ryan Fink, respectfully prays this Court for judgment in his favor and against Defendant St. Bernard Parish government as follows:

i. For a declaratory judgment finding and declaring that Defendant, St. Bernard Parish government, in terminating Plaintiff's employment without affording Plaintiff any pre-deprivation hearing whatever violated the Plaintiff's rights to due process of law.

ii. For equitable, prospective and injunctive relief ordering the Defendant St. Bernard Parish government to return Plaintiff's personal property, reinstate the Plaintiff to his position and salary which he held, and which had been achieved before the termination which is the subject of this complaint, together with restitution of all fringe benefits;

iii. To enjoin Defendant, its officers and agents from engaging in the policies and practices complained of herein;

iv. To enter judgment against Defendant, and award to Plaintiff, damages for unpaid wages, unpaid minimum wages, unpaid overtime wages, liquidated damages, pre-judgment interest and post-judgment interest, all in amounts to be determined at trial;

v. To enter judgment requiring Defendant to pay to Plaintiff costs and expenses of bringing this action, including but not limited to reasonable attorney's fees, expert's fees and costs;

vi. To enter judgment awarding to Plaintiff any and all further legal relief, including without limitation, punitive damages, as this Court deems necessary, just and proper.

Respectfully submitted,

LAW OFFICE OF DALE E. WILLIAMS
/s/Dale E. Williams
Dale E. Williams, Bar #18709
212 Park Place
Covington, Louisiana 70433
Telephone: (985) 898-6368
Facsimile: (985) 892-2640

*Attorney for Ryan Fink*

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I verify under penalty of perjury that I have read the foregoing Complaint, and the allegations contained in it are true and correct to the best of my knowledge.

Executed in Covington, Louisiana on this May 29TH, 2018.

9