UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RYAN FINK | CIVIL ACTION |
| VERSUS | No. 18-5447 |
| ST. BERNARD PARISH GOVERNMENT | SECTION I |

### ORDER & REASONS

Before the Court is defendant St. Bernard Parish Government's ("St. Bernard Parish") motion to dismiss plaintiff Ryan Fink's ("Fink") 42 U.S.C. § 1983 claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion is denied.

### I.

Fink was employed by St. Bernard Parish from 2008 until his employment was terminated in 2017.[1] He worked as the director of the TV and film office.[2] In May 2015, he was diagnosed with a medical condition that restricted him from pushing, pulling, lifting, or carrying over ten pounds.[3] According to Fink, he was adequately accommodated with a qualified assistant from May 2015 until his assistant was laid off in May 2016.[4] Fink immediately requested additional accommodation from the

---

[1] *See* R. Doc. No. 1, at 2, 4.
[2] *Id.* at 2.
[3] *Id.* In his complaint, Fink asserts that he was diagnosed with "pain, decreased muscular strength and range of motion in both arms in part due to a congenital narrowing of the spinal canal at C5-C7 levels." *Id.*
[4] *Id.*

chief administrative officer, Ronnie Alonzo ("Alonzo"), who allegedly failed to respond to the request.[5]

In January 2017, a new assistant was hired to work in the TV and film office, although Fink contends that the assistant was unqualified and refused to assist him in handling heavy equipment. Fink again requested accommodation from Alonzo, who allegedly failed to provide such accommodation and refused to meet with Fink to discuss his needs.[6] Fink alleges that, in addition to failing to properly accommodate him, St. Bernard Parish failed to compensate him for overtime hours he worked, despite the fact that he was eligible for such compensation.[7]

On March 8, 2017, Fink was written up for "job related deficiencies," which he asserts were "attributable to Alonzo's failure to accommodate [his] disability."[8] Two days after he was written up, Fink e-mailed Alonzo to again explain his need for accommodation.[9] In response, Alonzo stated that there would be a meeting held to discuss Fink's needs.[10]

On April 5, 2017, Fink was called into Tyrone Ben's ("Ben") office.[11] Fink's complaint describes Ben as "the St. Bernard Parish appointing authority."[12] According to Fink, "Ben abruptly notified [him] that he was being terminated

---

[5] *Id.*
[6] *Id.*
[7] R. Doc. No. 1, at 3, 4.
[8] R. Doc. No. 1, at 4.
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.*

immediately."[13] Fink alleges that he "was not given any opportunity at all to understand the specific charges of misconduct which had been leveled against him, or any opportunity at all to respond to charges of misconduct. Specific charges were only briefly alluded to in a pre-prepared letter which [he] received at the moment of his termination."[14] This meeting was allegedly held in accordance with St. Bernard Parish Council Ordinance No. 1847-01-17 (the "ordinance"), which sets forth rules and procedures for adjudicating the employment rights of employees designated as regular civil service employees ("classified employees").[15]

In October 2017, the St. Bernard Parish Personnel Board held an evidentiary hearing to determine whether Ben acted lawfully when he terminated Fink.[16] The hearing was also conducted in accordance with the ordinance.[17] Fink contends that, at the conclusion of the hearing, "it was established as a matter of fact that [Ben] had conducted no pre-deprivation hearing[,]" and the Personnel Board decided that Ben's decision to terminate Fink was "sanctioned by [the] ordinance."[18] Fink then filed this lawsuit against St. Bernard Parish, alleging violations of the Americans with Disabilities Act, the Fair Labor Standards Act, and the Fourteenth Amendment of the United States Constitution via 42 U.S.C. § 1983.[19]

---

[13] *Id.*
[14] *Id.* Fink also contends that St. Bernard Parish still has possession of his personal property. *Id.* at 4–5.
[15] *Id.* at 5. According to his complaint, Fink had been informed that he was a classified employee covered by the ordinance. *Id.* at 3.
[16] *Id.* at 5.
[17] *Id.*
[18] *Id.* at 6.
[19] *Id.* at 6–7.

3

## II.

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a district court may dismiss a complaint or part of a complaint when a plaintiff fails to set forth well-pleaded factual allegations that "raise a right to relief above the speculative level." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 547)).

A facially plausible claim is one in which "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. If the well-pleaded factual allegations "do not permit the court to infer more than the mere possibility of misconduct," then "the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration in original).

The Court will generally not look beyond the factual allegations in the pleadings to determine whether relief should be granted. *See Hicks v. Lingle*, 370 F. App'x 497, 498 (5th Cir. 2010); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In assessing the complaint, however, a court must accept all well-pleaded facts as true and liberally construe all factual allegations in the light most favorable to the plaintiff. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'" *Cutrer v.*

*McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)).

### III.

Fink alleges that St. Bernard Parish violated his Fourteenth Amendment right to procedural due process "by failing and refusing to provide [him] with any pre-deprivation notice, any meaningful pre-deprivation hearing, or any meaningful opportunity to respond" before he was terminated.[20] However, St. Bernard Parish moves to dismiss Fink's procedural due process claim, brought pursuant to 42 U.S.C. § 1983, because he failed to exhaust his administrative remedies.

According to St. Bernard Parish, "the rules established by parish ordinances require that any appeal for judicial review of the . . . Personnel Board's decision to terminate an employee must be filed in the 34th Judicial District for the Parish of St. Bernard." It is uncontested that Fink has not filed an appeal of the personnel board's decision in the 34th Judicial District for the Parish of St. Bernard. However, his failure to do so is not a bar to relief.[21]

---

[20] R. Doc. No. 1, at 7.
[21] St. Bernard Parish cites a number of cases to support its contention that Fink must exhaust his administrative remedies before filing a lawsuit in federal court. R. Doc. No. 5-1, at 4. Those cases do not address constitutional due process claims brought under § 1983. St. Bernard Parish also attempts to distinguish between administrative and judicial remedies, *see* R. Doc. No. 8-2, at 3–4, but such distinction is unpersuasive. *See Romano v. Greenstein*, 721 F.3d 373, 376 (5th Cir. 2013) (explaining that "[t]here is no general requirement that a plaintiff exhaust state administrative or judicial remedies before [the plaintiff] can pursue a claim under § 1983") (citing *Patsy*, 457 U.S. at 516).

5

The United States Supreme Court has held that § 1983 claims do not require the exhaustion of administrative remedies. *Patsy v. Bd. of Regents*, 457 U.S. 496, 516 (1982); *see also Faulk v. Duplantis*, No. 12-1714, 2013 WL 4431339, at *5 n.4 (E.D. La. Aug. 16, 2013) (Zainey, J.) (rejecting the defendant's argument that the plaintiff was required to exhaust administrative remedies in accordance with Louisiana's civil service rules "because "[a] plaintiff's ability to bring suit against a state actor under § 1983 for vindication of federal right is not subject to state law rules of administrative exhaustion"). Fink's decision to file this lawsuit in federal court, instead of state court, is not grounds for dismissal of his § 1983 claims.[22]

## IV.

Alternatively, St. Bernard Parish argues that Fink has failed to state a viable claim pursuant to Rule 12(b)(6).[23] Specifically, St. Bernard Parish argues that the

---

[22] In a telephone conference with the Court, *see* R. Doc. No. 13, St. Bernard Parish argued that the Fifth Circuit's decision in *Myrick v. City of Dallas* effectively requires Fink to exhaust his available remedies and file his lawsuit in state court because, under *Myrick*, he cannot forego available state judicial remedies and then challenge their constitutionality.

First, *Myrick* did not address exhaustion. Second, in *Myrick*, the Fifth Circuit held that the plaintiff could not dispute the adequacy of *post*-deprivation state remedies after choosing not to avail himself of them. *Myrick v. City of Dallas*, 810 F.2d 1382, 1388 (5th Cir. 1987). Fink's claim challenges the adequacy of his *pre*-termination hearing.

[23] In its opposition to the motion to dismiss, Fink states that his "larger purpose" in bringing this lawsuit "is having the offending provisions of [the ordinance] declared repugnant to the United States Constitution." R. Doc. No. 5, at 4. In reply, St. Bernard Parish argues that the ordinance is facially constitutional. *See* R. Doc. No. 8-2, at 3–5. However, in the present motion, St. Bernard Parish has only moved for the dismissal of Fink's § 1983 claim pursuant to Rule 12(b)(6). A Rule 12(b)(6) analysis requires the Court to determine whether the factual allegations in Fink's well-

6

availability of a post-termination remedy precludes Fink's procedural due process claim.[24]

"Section 1983 imposes liability on anyone who, under color of state law, deprives a person 'of any rights, privileges, or immunities secured by the Constitution and laws.'" *Blessing v. Freestone*, 520 U.S. 329, 340 (1997) (quoting 42 U.S.C. § 1983). To state a § 1983 claim for a violation of his Fourteenth Amendment right to procedural due process, Fink must "identify a protected life, liberty or property interest and then prove that governmental action resulted in a deprivation of that interest." *Baldwin v. Daniels*, 250 F.3d 943, 946 (5th Cir. 2001).

As to the first element, whether a plaintiff has a property interest in his job is determined by state law. *Lollar v. Baker*, 196 F.3d 603, 607 (1999); *McDonald v. City of Corinth*, 102 F.3d 152, 155 (5th Cir. 1996). Under Louisiana law, a permanent classified civil service employee has a protected property interest in his job. *Wallace v. Shreve Memorial Library*, 97 F.3d 746, 748 (5th Cir. 1996) (citing *Bell v. Dep't of Health & Human Res.*, 483 So. 2d 945, 949–50 (La. 1986), *cert. denied*, 479 U.S. 827 (1986)). Fink's complaint alleges that he is a civil service employee with a property interest in his continued employment with St. Bernard Parish, and St. Bernard Parish does not contest this allegation.[25]

As to the second element, the Due Process Clause requires that a state provide "'some kind of hearing' prior to the discharge of an employee who has a

---

pleaded complaint sufficiently state a claim for relief. Accordingly, the Court does not now need to consider the ordinance's constitutionality.
[24] R. Doc. No. 5, at X.
[25] R. Doc. No. 1, at 7.

constitutionally protected property interest in his employment." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) (quoting *Board of Regents v. Roth*, 408 U.S. 564, 569–70 (1972)). The hearing need not be elaborate. *Id.* at 544. At a minimum, however, the employee must receive "notice and an opportunity to respond." *Id.* at 546. "The . . . employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." *Id.* This Court is asked to decide whether the factual allegations in Fink's complaint create the reasonable inference that St. Bernard Parish failed to provide Fink with the due process required by *Loudermill*.

St. Bernard Parish argues that Fink's procedural due process claim is precluded by the Fifth Circuit's decision in *Schaper v. City of Huntsville*, 813 F.2d 709 (5th Cir. 1987). It argues that Fink was "afforded a full hearing on his termination and the right to appeal any decision upholding that termination" and that, under *Schaper*, "the availability of this post-deprivation process precludes any violation of procedural . . . due process."[26]

In *Schaper*, the Fifth Circuit relied on the United States Supreme Court's decisions in *Parratt v. Taylor*, 451 U.S. 527 (1981), and *Hudson v. Palmer*, 468 U.S. 517 (1984). *Schaper*, 813 F.2d at 715–16. "Under the *Parratt/Hudson* doctrine, a state actor's random and unauthorized deprivation of a plaintiff's property does not result in a violation of procedural due process rights if the state provides an adequate postdeprivation remedy." *Alexander v. Ieyoub*, 62 F.3d 709, 712 (5th Cir. 1995). St.

---

[26] R. Doc. No. 5-1, at 6.

Bernard Parish has not argued that Ben's actions were random and unauthorized or that the *Parratt/Hudson* doctrine applies to this case. *Schaper* does not foreclose Fink's § 1983 claim. *See Alexander*, 62 F.3d at 713 (holding that the district court erred in dismissing the plaintiff's lawsuit based on the *Parratt/Hudson* doctrine because the defendant had not met the "'random and unauthorized' element").

"Assuming that [Fink] could have obtained meaningful judicial review of his termination by filing an appeal" in state court, "doing so would only have provided him with a *post*-termination hearing." *Greene v. Greenwood Pub. Sch. Dist.*, 890 F.3d 240, 243 (5th Cir. 2018). Fink's due process claim is based on an alleged lack of pre-deprivation process, and "[t]he Fourteenth Amendment entitled him to a hearing *before* he was terminated." *Id.* Contrary to St. Bernard Parish's argument with respect to *Myrick*, the Fifth Circuit has explicitly held that a plaintiff's "failure to pursue available 'postdeprivation remedies has no effect on his entitlement to predeprivation process." *Id.* at 243 & n.6 (quoting *Chiles v. Morgan*, No. 94-10980, 1995 WL 295931, at *2 (5th Cir. 1995) and citing *Alvin v. Suzuki*, 227 F.3d 107, 120 (3d Cir. 2000) ("[I]f the Constitution requires pre-termination procedures, [even] the most thorough and fair post-termination hearing cannot undo the failure to provide such procedures.")).

Fink's allegations, when taken as true, suggest that he was afforded no pre-termination process. Fink contends that when he was called into Ben's office in April 2017, he "was not given any opportunity at all to understand the specific charges of misconduct which had been leveled against him, or any opportunity to respond to

9

charges of misconduct."[27] At the Rule 12(b)(6) stage, Fink's allegations are sufficient to state a claim for a violation of his procedural due process rights and survive dismissal.

Accordingly,

**IT IS ORDERED** that the St. Bernard Parish Government's motion to dismiss is **DENIED**.

New Orleans, Louisiana, September 28, 2018.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[27] R. Doc. No. 1, at 4.