UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RYAN FINK | CIVIL ACTION |
| VERSUS | No. 18-5447 |
| ST. BERNARD PARISH GOVERNMENT | SECTION I |

## ORDER & REASONS

Before the Court is a partial motion[1] for summary judgment filed by the defendant, the St. Bernard Parish Government ("St. Bernard Parish"). St. Bernard Parish seeks dismissal of plaintiff Ryan Fink's ("Fink") claims for violations of the Americans with Disabilities Act (the "ADA") and his Fourteenth Amendment right to procedural due process. For the following reasons, the motion is granted with respect to Fink's ADA discrimination claim.[2]

### I.

Fink worked as a St. Bernard Parish civil service employee from April 2008 until April 2017, when he was terminated.[3] According to Fink, in 2015 he was diagnosed with "pain, decreased muscular strength and range of motion in both arms" as a result of "a congenital narrowing of the spinal canal at the C5-C7 levels."[4] In his

---

[1] R. Doc. No. 41.
[2] Fink filed a written opposition to the motion, but he did not address the dismissal of his Fourteenth Amendment claim, which was brought under 42 U.S.C. § 1983. *See generally* R. Doc. No. 49. Consequently, on March 19, 2019, the Court dismissed Fink's § 1983 claim against St. Bernard Parish without opposition and with prejudice. R. Doc. No. 51, at 2.
[3] R. Doc. No. 41-23, at 1, 3; R. Doc. No. 49-14, at 1, 7.
[4] R. Doc. No. 1, at 2.

opposition to the present motion, Fink also characterizes his diagnosis as degenerative disc disease.[5] After a surgery in May 2015 related to Fink's diagnosis, his treating physician, Dr. John Steck ("Dr. Steck"), eventually released him to return to work, restricting Fink from pulling, pushing, lifting, or carrying more than ten pounds.[6] Fink contends that he was adequately accommodated at work until May 2016 because he had a qualified assistant who was available to lift and carry heavy equipment.[7] In May 2016, however, the assistant was laid off.[8] In January 2017, another assistant was hired for the department.[9] Fink alleges that the newly hired assistant was "unqualified."[10]

Fink originally asserted a Fourteenth Amendment claim under 42 U.S.C. § 1983, a claim for overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and discrimination and retaliation claims under the ADA, 42 U.S.C. § 12101, *et seq.*[11] Because St. Bernard Parish's motion for partial summary judgment does not address Fink's ADA retaliation claim or his FLSA claim, this order pertains only to Fink's ADA discrimination claim.

---

[5] R. Doc. No. 49, at 2.
[6] R. Doc. No. 1, at 2; R. Doc. No. 49, at 3; R. Doc. No. 41-1, at 20.
[7] R. Doc. No. 1, at 2.
[8] R. Doc. No. 1, at 2; R. Doc. No. 41-1, at 17 n.5.
[9] R. Doc. No. 1, at 2; R. Doc. No. 41-1, at 18.
[10] R. Doc. No. 41-1, at 18.
[11] As stated herein, *supra* note 2, since the present motion was filed, the Court dismissed Fink's § 1983 claim.

2

## II.

Summary judgment is proper when, after reviewing the pleadings, the discovery and disclosure materials on file, and any affidavits, the Court determines that there is no genuine dispute of material fact. *See* Fed. R. Civ. P. 56. "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The party seeking summary judgment need not produce evidence negating the existence of a material fact; it need only point out the absence of evidence supporting the other party's case. *Id.*; *see also Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its burden, the nonmoving party must come forward with specific facts showing that there is a genuine dispute of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted).

Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Although the substance or content of the evidence submitted to support or dispute a fact on summary judgment must be

admissible . . . , the material may be presented in a form that would not, in itself, be admissible at trial." *Lee v. Offshore Logistical & Transp., LLC*, 859 F.3d 353, 355 (5th Cir. 2017) (citations omitted). The party responding to the motion for summary judgment may not rest upon the pleadings but must identify specific facts that establish a genuine issue. *Anderson*, 477 U.S. at 248. The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255; *see also Hunt v. Cromartie*, 526 U.S. 541, 552 (1999).

**III.**

Fink asserts that St. Bernard Parish violated the ADA by failing and refusing to accommodate his disability and by retaliating against him for asserting his rights under the ADA.[12] The present motion only challenges Fink's discrimination claim.

The ADA prohibits employers from discriminating "against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). "Discrimination includes failure to make 'reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability . . . unless such covered entity can demonstrate that the accommodation would impose an undue hardship.'" *Feist v. Louisiana, Dep't of Justice, Office of the Attorney Gen.*, 730 F.3d 450, 452 (5th Cir. 2013) (quoting § 12112(b)(5)). To succeed on an ADA claim for a failure to accommodate, a plaintiff must prove (1) that he is a qualified individual with a disability, (2) that the disability and its corresponding limitations were known

---

[12] R. Doc. No. 1, at 6.

4

to his employer, and (3) that his employer nevertheless failed to make "reasonable accommodations" for the known limitations. *Id.*

"As a threshold requirement in an ADA claim, the plaintiff must, of course, establish that he has a disability." *Waldrip v. General Elec. Co.*, 325 F.3d 652, 654 (5th Cir. 2003). St. Bernard Parish argues that Fink cannot demonstrate that he was a qualified individual with a disability during the relevant timeframe because there is no evidence he had a disability.[13] The relevant timeframe is the time during which Fink alleges that he was not properly accommodated—from May 2016 until his termination in April 2017.[14]

The ADA defines a disability as "a physical or mental impairment that substantially limits one or more major life activities of such individual." § 12102(1)(A). "Major life activities include 'caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working.'" *Kemp v. Holder*, 610 F.3d 231, 235 (5th Cir. 2010). To determine whether Fink met the ADA definition of disabled, the Court applies a three-part test. *Waldrip*, 325 F.3d at 654. "[The Court] must determine first whether [Fink] ha[d] an 'impairment,' next whether the activity on which he relies is a 'major life activity,' and, if so, whether his impairment 'substantially limit[ed]' that major life activity." *Id.* "[T]hese terms need

---

[13] R. Doc. No. 41-1, at 15–16.
[14] *See* R. Doc. No. 1, at 2–3.

5

to be interpreted strictly to create a demanding standard for qualifying as disabled." *Id.* (quoting *Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184, 197 (2002)).

After his surgery in May 2015, Dr. Steck approved Fink's return to work. However, Fink was restricted from pulling, pushing, lifting, or carrying more than ten pounds.[15] The only other evidence of a work-related restriction is a memorandum signed by Dr. Steck from March 2016. In the memorandum, Dr. Steck noted that Fink was "doing really well."[16] Dr. Steck wrote, "The only thing we are going to limit him to [is] working no more than 40 hours per week. He is going to start working out."[17]

Fink's alleged impairment is his degenerative disc disease.[18] However, even if degenerative disc disease qualifies as a physical impairment, Fink cannot point to any evidence in the record to establish that his disease substantially limited a major life activity. In fact, he does not specify a major life activity. The only evidence he cites are the restrictions imposed by Dr. Steck and deposition testimony from Dr. Steck, in which he read from a form that Fink completed in November 2016 stating that his pain affected his "[e]njoyment of life, mood, ability to work, sexual activity, [and] ability to perform household duties."[19] Even assuming that the foregoing activities are major life activities, and accepting Fink's self-reporting as factual, the evidence does not suggest that his disease was "*substantially* limit[ing]." *Waldrip*, 325 F.3d at 652; *see also Dupre v. Charter Behavioral Health Sys. of Lafayette Inc.*,

---

[15] R. Doc. No. 41-19.
[16] R. Doc. No. 41-22, at 1.
[17] *Id.*
[18] *See* R. Doc. No. 49, at 11.
[19] R. Doc. No. 49-9, at 27.

6

242 F.3d 610, 614 (5th Cir. 2001) (noting that, to prove a person "is substantially limited in the major life activity of working," a plaintiff "is required to demonstrate that [his] back injury precluded [him] from a class of jobs or a broad range of jobs").

Moreover, neither a ten-pound limiting restriction nor a forty-hour work week restriction demonstrate the requisite substantial limitation of a major life activity. *See, e.g., Tyler v. La-Z-Boy Corp.*, 506 F. App'x 265, 268 (5th Cir. 2013) (finding that "[the plaintiff's] lifting restrictions of twenty-four pounds from floor to waist and twenty pounds from waist to overhead [did] not qualify as a disability under the ADA"); *Miller v. Southwestern Bell Tel. Co.*, No. 01-21318, 2002 WL 31415083, at *5 (5th Cir. Oct. 7, 2002) ("When evaluating the traditional forty-hour work week, courts have determined that the inability to work overtime is not a substantial limitation on the ability to work under the ADA."); *Sherrod v. American Airlines, Inc.*, 132 F.3d 1112, 1120 (5th Cir. 1998) (holding that a restriction on heavy lifting was not sufficient to find a substantial limitation); *Ray v. Glidden Co.*, 85 F.3d 227, 229 (5th Cir. 1996) (noting that, despite a lifting restriction, the plaintiff "[could] lift and reach as long as he avoid[ed] heavy lifting," and holding that such a restriction did not make him "substantially limited in a major life activity").[20] Consequently, Fink has failed

---

[20] The restriction letter from Dr. Steck indicates that, as of July 2015, Fink was approved to return to work with only the lifting restriction. The letter does not state how long the lifting restriction was to last but, during his deposition, Dr. Steck testified that, in general, following a cervical fusion surgery like the one he performed on Fink in May 2015, a lifting restriction is put in place for, "at the most," six weeks. R. Doc. No. 41-21, at 9. Counsel for St. Bernard Parish later asked "[S]ix weeks after the date of [the restriction letter] would be sometime in mid August of 2015, when typically, in your opinion, these restrictions would be lifted; is that correct?" *Id.* at 10. Dr. Steck answered, "That's correct." *Id.* Thus, according to Fink's own treating

7

to identify a genuine issue of material fact related to whether he was disabled as contemplated by the ADA.

Even if a plaintiff is not disabled as defined by the ADA, he may nonetheless claim the ADA's protection if he is "regarded as having such an impairment." *Waldrip*, 325 F.3d at 657; 42 U.S.C. § 12102(2)(C).

> A plaintiff has a "regarded as" disability if he (1) has an impairment that is not substantially limiting but which the employer perceives as substantially limiting, (2) has an impairment that is substantially limiting only because of the attitudes of others, or (3) has no impairment but is perceived by the employer as having a substantially limiting impairment.

*Waldrip*, 325 F.3d at 657. It is undisputed that St. Bernard Parish knew that Fink had some kind of impairment because Dr. Steck's June 2015 letter approving Fink to return to work with the lifting restriction was in Fink's medical file.[21] However, "an

---

physician, the lifting restriction implemented in June 2015 would not have been in effect in May 2016—a year after the surgery, and when Fink alleges that St. Bernard Parish began failing to properly accommodate him.

The other disputed restriction—which, as of March 2016, limited Fink to forty hours of work per week—was apparently only ordered by Dr. Steck because Fink requested it: when asked during his deposition about the rationale behind restricting Fink's work week, Dr. Steck answered, "He must have asked me to limit that. . . . [That is] not really . . . something that I would do independently without the patient asking me to add that on." R. Doc. No. 41-21, at 5. Moreover, there is no evidence in the record to suggest that St. Bernard Parish was aware of the hours restriction. *See Taylor v. Principal Fin. Grp., Inc.*, 93 F.3d 155, 164 (5th Cir. 1996) (noting that the plaintiff in an ADA case must adduce summary judgment evidence demonstrating that his employer *knew* that he was limited as a result of any alleged disability). Fink argues that Dr. Steck stated that language in the restriction letter—namely the use of "[t]o whom it may concern"—"usually meant that the patient had carried it to his employer or that his office faxed it," R. Doc. No. 49, at 12 n.26, but the Court has not been provided with any testimony stating as much. Furthermore, such testimony would be purely speculative.
[21] *See* R. Doc. No. 41-20, at 1 (e-mail from Ben to Fink).

employer may regard an employee as impaired or restricted from one position or a narrow range of jobs without regarding him as 'disabled.'" *E.E.O.C. v. E.I. Du Pont de Nemours & Co.*, 480 F.3d 724, 729 (5th Cir. 2007).

As evidence that St. Bernard Parish regarded him as disabled, Fink relies on his April 4, 2017 confrontation with the parish president, McInnis.[22] Confusingly, the law Fink cites to accompany his analysis of the confrontation pertains to ADA retaliation claims. Without referencing any particular piece of evidence, Fink also states that "his requests for accommodation, his complaints about needing help with work hours and lifting weight gave his co-workers the idea that he was disabled."[23] However, the record expressly suggests otherwise.

In response to a May 2016 e-mail in which Fink complained to McInnis, Alonzo, and Ben about his assistant being fired, Ben stated:

> [A]t no time was myself, or the new [ ] [a]dministration [ ] made aware of any physical limitations that you may have. I was not employed [sic], nor was the HR Dept. made aware of any accident, or injuries, you may have sustained previous to this administration.
>
> After reviewing your medical file, there's no formal request for any ADA accommodations. I did find your letter documenting your physical lifting restrictions from Dr. Stech's [sic] office, dated June 29, 2015.
>
> If you have a request for reasonable ADA accommodations, please inform the administration of your need for an accommodation, and your request will be reviewed.[24]

---

[22] R. Doc. No. 49, at 13.
[23] *Id.* at 14.
[24] R. Doc. No. 41-20, at 2.

9

Notably, there is no evidence that Fink ever followed Ben's instructions. Fink has not cited to any evidence in the record suggesting that his superiors, and thus St. Bernard Parish, regarded him as disabled, and this theory is unavailing.[25]

## IV.

Accordingly,

**IT IS ORDERED** that the St. Bernard Parish Government's motion for partial summary judgment is **GRANTED**, as stated herein.

**IT IS FURTHER ORDERED** that Ryan Fink's discrimination claim against the St. Bernard Parish Government, brought pursuant to the Americans with Disabilities Act, is **DISMISSED WITH PREJUDICE.** As discussed, his retaliation claim remains.

New Orleans, Louisiana, March 20, 2019.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[25] Fink argues that St. Bernard Parish had an obligation to engage in an interactive dialogue with him regarding how to address his disability-related needs. *See* R. Doc. No. 49, at 14 (citing *E.E.O.C. v. Chevron Phillips Chem. Co., LP*, 570 F.3d 606, 621 (5th Cir. 2009)). However, because Fink has failed to demonstrate that he was either disabled or regarded as disabled by his employer, the Court need not consider the remaining merits of Fink's failure-to-accommodate claim.